2024 IL App (1st) 231038-U

No. 1-23-1038

Order filed September 30, 2024

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| KIEARRE ANDRE REESE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | |
| | ) | |
| THE CITY OF CHICAGO; CLIFFORD MARTIN, in His | ) | No. 23 L 004795 |
| Official Capacity as a Chicago Police Detective; | ) | |
| SHIRLEY COLVIN, in Her Official Capacity as a | ) | |
| Chicago Police Detective; and JOHN DOE, in His Official | ) | |
| Capacity as the Chicago Police Area 2 Supervisor, | ) | Honorable |
| | ) | Kathy M. Flanagan, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE REYES delivered the judgment of the court.
Presiding Justice Lampkin and Justice Martin concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The circuit court's order dismissing with prejudice plaintiff's complaint for failure to state a cause of action legally recognized under Illinois law is affirmed.

¶ 2     Plaintiff Kiearre Andre Reese appeals *pro se* from an order of the circuit court of Cook County that *sua sponte* dismissed with prejudice his complaint for a statutory action filed against

defendants, the City of Chicago, Chicago police detectives Clifford Martin and Shirley Colvin, in their official capacities, and Chicago Police Area 2 Supervisor John Doe, in his official capacity. The circuit court found that Reese's complaint failed to state a cause of action legally recognized under Illinois law. On appeal, Reese contends the circuit court erred when it dismissed his complaint because the defendants failed to adhere to a statutory duty they owed him. For the following reasons, we affirm.

¶ 3        The record on appeal consists of one volume of the common law record containing circuit court documents. There is no report of proceedings.

¶ 4        As a preliminary matter, for context, we note that, following a jury trial, Reese was convicted of the first degree murder of Marshawn Melchor and attempted first degree murder of Terelle Griffin for shooting the men after an argument erupted during a dice game on August 8, 2008. The jury found that Reese personally discharged a firearm during the offenses. The trial court sentenced Reese to a total of 76 years' imprisonment. This court affirmed Reese's convictions on direct appeal. *People v. Reese*, 2014 IL App (1st) 113003-U. We also affirmed the dismissal of Reese's initial petition filed under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2012)). *People v. Reese*, 2017 IL App (1st) 150837-U. In 2017, Reese filed a motion to file a successive postconviction petition which the circuit court denied. On appeal, this court affirmed the denial in part but reversed in part regarding Reese's claim of actual innocence and remanded his petition for second-stage postconviction proceedings on that claim only. *People v. Reese*, 2021 IL App (1st) 181926-U.

¶ 5        In the instant case, the common law record shows that on May 9, 2023, Reese filed a *pro se* civil complaint for a statutory action against defendants alleging that they failed to adhere to

their duties owed to him under section 114-13 of the Code of Criminal Procedure (Criminal Code) (725 ILCS 5/114-13 (West 2008)). Reese alleged that under the statute, Detectives Martin and Colvin were derelict in performing their investigative duties owed to him. Reese alleged their actions constituted willful and wanton conduct for failing to provide the prosecution with material or information that tended "to negate the offense charged and or reduce plaintiff's punishment." Reese further alleged that the Area 2 supervisor was liable for the detectives' dereliction of their duties, and that the City was liable for failing to adequately train, supervise, or discipline its employees.

¶ 6 Reese expanded on his allegations in a 15-page "Tort Complaint, A Private Right of Action." Therein, Reese stated that he was challenging "the wrongful investigative procedures before the initiation of the criminal process, and **not** the substance of his conviction." In addition to section 114-13 of the Criminal Code, Reese stated that his action was also being brought as a violation of the federal Civil Rights Act of 1964 under 42 U.S.C. § 2000, *et seq.*

¶ 7 In his factual allegations, Reese stated that on November 6, 2008, Detectives Martin and Colvin arrested him in connection with the shootings of Melchor and Griffin. Reese stated that, during questioning at the Area 2 police station, Colvin told him, "If you acted in self-defense, then let us know." Reese's complaint then presented some of the testimony and procedural details from his trial and noted the rulings on his prior postconviction petitions. Reese stated that in May 2021, he received the Cook County State's Attorney's case file for his criminal case and the criminal arrest reports from the Chicago Police Department for Melchor and Griffin. Reese stated that he "scrutinized" the discovery documents in the case file. He then discovered that the arrest reports for Melchor and Griffin were available "before the initiation of the criminal process of plaintiff's

criminal trial." However, the arrest reports for Melchor and Griffin were not included in the prosecution's case file and were not included in the State's answer to discovery.

¶ 8    Reese alleged Detectives Martin and Colvin breached their statutory legal duty owed to him under section 114-13 of the Criminal Code by failing to provide the prosecution with the arrest reports for Melchor and Griffin, which contained violent offenses. Reese argued that the arrest reports constituted information that tended to negate his guilt or could have reduced his punishment. Reese asserted that the detectives "had pre-trial evidence that showed a semblance of self-defense either reasonably or unreasonably" which indicated the victims had propensities for violence.

¶ 9    Reese further alleged that the detectives' supervisor "was personally involved by being grossly negligent and or deliberately indifferent in not adequately supervising" the detectives to insure they followed policy and adhered to the duty they owed Reese under section 114-13 of the Criminal Code. Reese also alleged that the City was liable for the actions of Martin and Colvin that violated his statutory rights under section 114-13 by "showing deliberate indifference and or being grossly negligent to adequately train, supervise, or discipline employees where there was a repeated pattern of dereliction of duties by Area 2 police officers (municipal employees) that made it obvious that better training, supervision, or discipline is needed." Reese alleged that the defendants caused him injury by denying him access to the court and the benefit of and access to a fully informed defense.

¶ 10    In his prayer for relief, Reese requested (1) an order declaring that the defendants violated Illinois' statutory and common law; (2) $50,000 in compensatory damages; (3) an unspecified amount of money the court deemed necessary for nominal damages; and (4) $50,000 in punitive

damages. Reese attached several documents to his complaint including his criminal trial discovery requests and answers, pages from the pre-trial report of proceedings discussing discovery, and the criminal history reports for Melchor and Griffin. He also attached his own affidavit averring to the facts stated in his complaint.

¶ 11      On May 10, 2023, the circuit court *sua sponte* dismissed Reese's complaint with prejudice. On a pre-printed "STRIKE/DISMISSAL ORDER" form, the court checked the box indicating that Reese's complaint failed to state a cause of action that was legally recognized under Illinois law and that no amendment or additional facts could ever be stated to grant his requested relief.

¶ 12      On appeal, Reese contends the circuit court erred when it dismissed his complaint because the defendants failed to adhere to a statutory duty they owed him under section 114-13 of the Criminal Code. Reese acknowledges that the plain language of the statute does not grant a private right of action or provide him any relief. He argues, however, for the first time on appeal, that this court should find he has an implied private right of action against defendants from the statute.

¶ 13      As an initial matter, we note that none of the defendants filed a responsive brief in this court. On this court's own motion, we elected to address this appeal based on Reese's brief alone. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 131-33 (1976).

¶ 14      The circuit court's order indicates that it reviewed Reese's complaint pursuant to section 2-603(a) of the Code of Civil Procedure (Civil Code) (735 ILCS 5/2-603(a) (West 2022)). Section 2-603(a) provides that "[a]ll pleadings shall contain a plain and concise statement of the pleader's cause of action, counterclaim, defense, or reply." 735 ILCS 5/2-603(a). In addition, a complaint must contain well-pled facts and not merely conclusions of fact or law. *Rocha v. FedEx Corp.*, 2020 IL App (1st) 190041, ¶ 66.

¶ 15 Under section 2-612(a) of the Civil Code, when a pleading is insufficient in substance or form, the circuit court may order a fuller or more particular statement or, if the issues are not sufficiently defined, it may order other pleadings be prepared. 735 ILCS 5/2-612(a) (West 2022). This court has found that, based on section 2-612(a), " 'a trial court has the authority, on its own motion, to strike a complaint that is insufficient in substance or fails to sufficiently define the issues and order that other pleadings be prepared.' " *Rocha*, 2020 IL App (1st) 190041, ¶ 66 (quoting *Mitchell v. Norman James Construction Co.*, 291 Ill. App. 3d 927, 937-38 (1997)). We review the circuit court's *sua sponte* dismissal of Reese's complaint *de novo*. *Rocha*, 2020 IL App (1st) 190041, ¶ 66.

¶ 16 In reviewing the sufficiency of a complaint, all well-pleaded facts and all reasonable inferences that can be drawn from those facts are taken as true. *Quiroz v. Chicago Transit Authority*, 2022 IL 127603, ¶ 11. The allegations in the complaint are construed in the light most favorable to the plaintiff. *Id.* The plaintiff is not required to present evidence in the complaint but must allege sufficient facts that present a claim that constitutes a legally recognized cause of action. *Id.* ¶ 12.

¶ 17 Here, Reese filed his complaint under section 114-13 of the Code of Criminal Procedure, which addresses discovery in criminal cases. Section 114-13(b) provides, in relevant part:

> "Any public investigative, law enforcement, or other public agency responsible for investigating any homicide offense or participating in an investigation of any homicide offense, other than defense investigators, shall provide to the authority prosecuting the offense all investigative material, including but not limited to reports, memoranda, and field notes, that have been generated by or have come into the possession of the

investigating agency concerning the homicide offense being investigated. In addition, the investigating agency shall provide to the prosecuting authority any material or information, including but not limited to reports, memoranda, and field notes, within its possession or control that would tend to negate the guilt of the accused of the offense charged or reduce his or her punishment for the homicide offense. Every investigative and law enforcement agency in this State shall adopt policies to ensure compliance with these standards." 725 ILCS 5/114-13(b) (West 2022).

¶ 18 Thus, the purpose of section 114-13(b) of the Criminal Code is to require all law enforcement officers involved in a homicide investigation to provide all their investigative material related to the homicide offense being investigated to the prosecuting authority. "A failure to disclose evidence (as required by [Illinois Supreme Court] Rule 412 and section 114-13(b)) might violate a defendant's due process rights where the State, regardless of motive, fails to disclose evidence that is material to the guilt or innocence of the defendant after the defendant has made a request for the production of that evidence." *People v. Carballido*, 2011 IL App (2d) 090340, ¶ 49. Case law shows that where detectives have failed to comply with section 114-13(b), criminal defendants have raised due process violations challenging their convictions. See, *e.g.*, *People v. Sandridge*, 2020 IL App (1st) 173158 (murder conviction vacated and case remanded for a new trial where a detective's intentional destruction of his field notes after receiving a subpoena for those notes was an "egregious" due process violation).

¶ 19 Reese expressly stated in his complaint that he was challenging "the wrongful investigative procedures before the initiation of the criminal process, and **not** the substance of his conviction." As Reese concedes in his appellate brief, the criminal discovery statute does not provide a civil

private right of action against law enforcement officers for failing to comply with the statute. Reese, however, urges this court to find that he has an implied private right of action from the statute. As noted above, Reese has raised this argument for the first time on appeal. "[A]rguments not raised in the circuit court are forfeited and cannot be raised for the first time on appeal." *Gunnison Commons, LLC v. Alvarez*, 2024 IL App (1st) 232176, ¶ 23. Accordingly, we decline to consider Reese's implied private right of action argument.

¶ 20    We conclude that the circuit court correctly found that Reese's complaint attempting to allege a civil liability action against defendants failed to state a cause of action that is legally recognized under Illinois law, and that no amendment to his complaint or additional facts could ever be stated to grant Reese his requested relief. Thus, the circuit court's dismissal of Reese's complaint with prejudice was proper.

¶ 21    For these reasons, we affirm the judgment of the circuit court of Cook County.

¶ 22    Affirmed.